UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

PAUL TAY, )
 )
      **Plaintiff,** )
 )
v. ) Case No. 19-CV-0603-CVE-JFJ
 )
R. TRENT SHORES, in his official. )
capacity as United States Attorney, )
Northern District of Oklahoma, )
MICHAEL HUNTER, in his official )
capacity as Attorney General of the )
State of Oklahoma, )
STEVE KUNZWEILER, in his official )
capacity as District Attorney of the )
County of Tulsa, )
 )
 )
      **Defendants.** )

## OPINION AND ORDER

Plaintiff has filed a complaint (Dkt. # 2) and he requests leave to proceed in forma pauperis (Dkt. ## 3, 4). Plaintiff argues that defendants have infringed his constitutional right to "become employed as a male prostitute, for the purpose of becoming a paid undercover agent . . . ." Dkt. # 2, at 3. Plaintiff's complaint describes in detail the sexual acts which he seeks to perform and he claims that it necessary to perform these acts to investigate a human trafficking operation connected to the filming of a pornographical film. Id. It appears that plaintiff is alleging that he has a First Amendment right to engage in expressive conduct, and he asks the Court to declare that prostitution is a form of expressive conduct. Id. at 5-7.

Plaintiff seeks leave to proceed in forma pauperis and the requirements of 28 U.S.C. § 1915 are applicable. See Lister v. Dep't of Treasury, 408 F.3d 1309 (10th Cir. 2005). Section 1915(e)(2)

requires a district court to dismiss a case if at any time the court determines that "the action . . .(i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court has reviewed plaintiff's complaint and finds that plaintiff has failed to state a claim upon which relief can be granted. Plaintiff cites no authority suggesting that he has a constitutional right to work as a male prostitute and, to the contrary, laws or regulations targeting prostitution have repeatedly been upheld against constitutional challenges. Arcara v. Cloud Books,

2

Inc., 478 U.S. 697 (1986) (prostitution and commercial sexual acts were not expressive conduct under the Free Speech Clause of the First Amendment); Erotic Service Provider Legal Education and Research Project v. Gascon, 880 F.3d 450 (9th Cir. 2018) (finding no fundamental right to engage in prostitution under the Due Process Clause of the Fourteenth Amendment); Bushco v. Shurtleff, 729 F.3d 1294 (10th Cir. 2013) (rejecting free speech and vagueness challenges to Utah's sexual solicitation law); Mini Spas, Inc. v. South Salt Lake City Corp., 810 F.2d 939 (10th Cir. 1987) (municipal regulations enacted to control prostitution at massage parlors were not subject to challenge under First Amendment or Equal Protection Clause). The law is well established that the state and federal governments can criminalize prostitution and commercial sexual activity without infringing on a person's constitutional rights. The Court can discern no other possible claim in plaintiff's complaint, and, under § 1915(e)(2), this case should be dismissed due plaintiff's failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed without prejudice**, and plaintiff's motion for leave to proceed in forma pauperis (Dkt. ## 3,4) is **moot**. A separate judgment of dismissal is entered herewith.

**DATED** this 21st day of November, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE